UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RALPH RICHARDSON,

    Plaintiff,

    v.                                      CAUSE NO. 3:22-CV-926-RLM-MGG

ST. JOSEPH COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Ralph Richardson, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Richardson alleges that he was placed on suicide watch at the St. Joseph County Jail on October 9, 2022. Officer Leach retrieved Mr. Richardson's property from his cell and was to place it in the property room until Mr. Richardson was off suicide watch. His property included legal work, stamps, envelopes, hygiene items, clothing, shoes, dishes and utensils, pictures, and food. Mr. Richardson was released from suicide watch on October 11, 2022, and sent four request forms to Property

Officer Miller, two request forms to Officer Leach, two request forms to Captain Z,[1] and two request forms to Warden Olmstead. He filed two grievances and hasn't received a response to those grievances. An unknown officer came to his door and said they couldn't find his property. Twenty days after he was released from suicide watch, when he submitted his complaint, Mr. Richardson had not received his property. He is unable to work on his criminal case and can't contact his lawyer because he doesn't have stamps, an envelope, or his address.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss

---

[1] Captain Z is not a defendant in this caxse.

2

if the papers are replaceable. Hossman v. Spradlin, 812 F.2d 1019 (7th Cir. 1987). Legal papers are not irreplaceable just because there is a cost associated with obtaining them.

While Mr. Richardson alleges that he can't work on a pending his criminal case, without his legal papers, he also indicates he is represented by counsel. A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense, but jail officials aren't required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir. 1988).

This complaint doesn't state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Richardson may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Ralph Richardson until **January 27, 2023**, to file an amended complaint; and

3

(2) CAUTIONS Mr. Richardson that if he doesn't respond by January 27, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 3, 2023

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT